## In re DREYFUS MUTUAL FUNDS FEE LITIGATION

### No. MASTER FILE 04–0128.

United States District Court, W.D. Pennsylvania.

April 10, 2006.

Milberg Weiss, Jerome M. Congress, Janine L. Pollack, Kim E. Miller, Michael R. Reese, New York City, for Plaintiffs.

Clifford Chance U.S. LLP, James F. Moyle, Jason A. D'Angelo, Mary K. Dulka, Reed Smith LLP, Daniel I. Booker, Douglas K. Spaulding, Perry A. Napolitano, Milbank, Tweed, Hadley & McCloy LLP, James N. Benedict, for Defendants.

## MEMORANDUM

LANCASTER, District Judge.

This is a putative class action in securities fraud. Plaintiffs, Vera A. Hays and Noah Wortman, allege that defendants, investment advisors and distributors of Dreyfus brand mutual funds, engaged in fraudulent fee arrangement schemes in violation of federal and state law. Plaintiffs seek to recover the wrongfully charged fees. Plaintiffs' section 36(b) and 48(a) claims under the Investment Company Act are the only claims that remain following this court's previous ruling on various motions to dismiss. The Dreyfus Defendants have now filed a motion for judgment on the pleadings arguing that these remaining claims are not sustainable because a section 36(b) claim must be asserted derivatively and a section 48(a) claim cannot survive without a viable primary violation under section 36(b).

For the reasons that follow, the motion will be granted.

## I. BACKGROUND

Plaintiffs asserted this case primarily as a putative class action on behalf of all persons who held shares in approximately 155 Dreyfus brand mutual funds during the period January 30, 1999 to November 17, 2003. In short, plaintiffs alleged that defendants participated in an undisclosed mutual fund kick-back scheme through which defendants obtained substantial payments as a result of pushing Dreyfus brand mutual funds on unwitting investors. Plaintiffs' original complaint asserted ten causes of action against five groups of defendants. Each group of defendants filed motions to dismiss which resulted in

eight of the ten counts, and several defendants, being dismissed.

Only two counts remained following our ruling on the motions to dismiss: (1) a claim for breach of fiduciary duty against the Investment Advisor Defendants and Dreyfus Service Corporation under section 36(b) of the Investment Company Act [Count III]; and (2) a section 48(a) "control person" claim, based on the alleged section 36(b) violations, against the Parent Companies [Count IV]. Various defendants, including the Dreyfus Defendants, had previously moved to dismiss the section 36(b) claim on the ground that plaintiffs had failed to plead sufficient facts. However, we found that under Rule 12(b)(6)'s deferential standard, plaintiffs had sufficiently pled a cause of action under section 36(b). No defendant previously moved to dismiss the section 36(b) claim on the ground that it should have been brought derivatively.

The Parent Companies, Investment Advisor Defendants, and Dreyfus Service Corporation ("the Dreyfus Defendants") have now moved for judgment on the pleadings on these two remaining claims. The Dreyfus Defendants now contend that a section 36(b) claim can only be brought derivatively, and not as a class action, as plaintiffs have asserted it in this case. The Dreyfus Defendants further argue that a defective section 36(b) claim cannot support liability under section 48(a). Plaintiffs take the position that this court has already decided that the section 36(b) claims in this case can be brought directly. If this issue is to be decided now, plaintiffs argue that there is ample case law to support their contention that a section 36(b) claim can be brought directly, and as a class action.

## II. STANDARD OF REVIEW

A Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute and judgment on the merits may be achieved by focusing on the content of the pleadings and any facts of which the court may take judicial notice. See 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1367 (3d ed.2004). A motion for judgment on the pleadings may be made at any time after the pleadings are closed. Unlike a motion under Rule 12(b), a motion under Rule 12(c) theoretically is directed toward a determination of the substantive merits of the controversy and consequently, such motion should be granted only where it is clear that the merits of the controversy can be fairly and fully decided in such a summary manner. Shelly v. Johns–Manville Corp., 798 F.2d 93, 94 (3d Cir.1986).

In ruling on a Rule 12(c) motion, the court is required to view the allegations of the complaint as true and the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. Soc'y Hill Civic Ass'n v. Harris, 632 F.2d 1045, 1054 (3d Cir.1980).

## III. DISCUSSION

As an initial matter, we find that, contrary to plaintiffs' contentions, this court has not previously issued a ruling on whether or not a section 36(b) claim is derivative. We have re-reviewed the various motions to dismiss and find that no defendant argued for dismissal of plaintiffs' section 36(b) claim on the ground that it should have been brought derivatively. Nor would we consider anything in this court's prior opinion, which plaintiff does not even cite, let alone meaningfully discuss, Daily Income Fund, Inc. v. Fox, 464 U.S. 523, 104 S.Ct. 831, 78 L.Ed.2d 645 (1984) and Kamen v. Kemper Financial Services, Inc., 500 U.S. 90, 108, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991), which both

parties agree are central to resolving this issue, to qualify as a *sua sponte* ruling on the matter.

▮ As such, we must examine this issue in the first instance under the appropriate standards summarized above. Upon doing so, we conclude that a cause of action under section 36(b) must be brought derivatively. Therefore, we grant defendants' motion for judgment on the pleadings. The Supreme Court has examined the nature of section 36(b) claims several times and has held that while section 36(b) claims are not derivative for purposes of Rule 23.1 of the Federal Rules of Civil Procedure, which requires pre-suit demand on the board of directors, they are derivative, in the general sense of the word, because they are asserted on behalf of all shareholders and result in no direct benefit to the individual plaintiff shareholders.

In *Burks v. Lasker*, 441 U.S. 471, 484, 99 S.Ct. 1831, 60 L.Ed.2d 404 (1979), the Supreme Court characterized section 36(b) as providing for "derivative suits charging breach of fiduciary duty with respect to adviser's fees." While the Supreme Court's opinion in *Daily Income Fund* may not benefit from such clarity of language,[1] it holds that although section 36(b) claims are not derivative for purposes of Rule 23.1, they are derivative as the term is generally understood. *Daily Income Fund*, 464 U.S at 533–34 nn. 8 & 10, 535 n. 11, 104 S.Ct. 831. Finally, in *Kamen v. Kemper Financial Services, Inc.*, 500 U.S. 90, 108, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991), although the Supreme Court summarized its decision in *Daily Income Fund* as being that "a shareholder action 'on behalf of' the company under section 36(b)

is direct rather than derivative...," it went on to state that the importance of this characterization is that pre-suit demand under Rule 23.1 is not required.

In these decisions, the Court either uses the same word, "derivative", to refer to two different things, or uses the term "direct" to refer to a subclass of derivative suits. In that light, there are: (1) derivative suits, as that phrase is traditionally understood; and (2) a subclass of such traditional derivative suits, sometimes described as a "private right of derivative action"[2], *i.e.*, Rule 23.1 derivative suits which are those in which a shareholder claims a right that could have been, but was not, asserted by the corporation, and which require pre-suit demand on the board of directors. With that understanding of the Court's language, we find that these Supreme Court cases establish that section 36(b) claims do not fall into the subclass of Rule 23.1 derivative suits, but are, nevertheless, derivative suits.

Even though the holdings of these Supreme Court cases becomes clear when viewed in that light, there are district court decisions allowing section 36(b) claims to proceed as direct actions, albeit without much analysis or discussion of the issue. *See Forsythe v. Sun Life Fin., Inc.*, 2006 WL 148935, *1 (D.Mass. Jan. 19, 2006); *In re Mut. Funds Inv. Litig.*, 384 F.Supp.2d 845, 867 n. 22 (D.Md.2005); *Wicks v. Putnam Inv. Mgmt., LLC*, 2005 WL 705360, *2–3 (D.Mass. Mar. 28, 2005); *Krantz v. Fidelity Mgmt. & Research Co.*, 98 F.Supp.2d 150, 157–58 (D.Mass.2000).

Notwithstanding these cases, the weight of recent authority examining the issue closely, has held, in accordance with Su-

---

**1.** In the same opinion, the Court characterizes section 36(b) claims as both "not a 'derivative action'" and "undeniably 'derivative'". *Daily Income Fund*, 464 U.S at 533–34 nn. 8 & 10, 535 n. 11, 104 S.Ct. 831.

**2.** *Olmsted v. Pruco Life Ins. Co. of New Jersey*, 283 F.3d 429, 433 (2d Cir.2002).

preme Court precedent, that section 36(b) claims must be brought derivatively. *Olmsted v. Pruco Life Ins. Co. of New Jersey,* 283 F.3d 429, 433 (2d Cir.2002); *In re Am. Mut. Funds Fee Litig.,* CV 04–5593 (C.D.Cal. Dec. 16, 2005); *In re Franklin Mut. Funds Fee Litig.,* 388 F.Supp.2d 451, 468 (D.N.J.2005); *In re Lord Abbett Mut. Funds Fee Litig.,* 407 F.Supp.2d 616, 633 (D.N.J.2005); *Mutchka v. Harris,* 373 F.Supp.2d 1021, 1025 (C.D.Cal.2005); *In re Eaton Vance Mut. Funds Fee Litig.,* 403 F.Supp.2d 310, 320 (S.D.N.Y.2005). We agree with the reasoning and analysis in these latter decisions.

An action under section 36(b) for breach of fiduciary duties "...may be brought...by the Commission, or by a security holder of such registered investment company on behalf of such company." 15 U.S.C.A. § 80a–35(b). Such an action is brought "on behalf of" the investment company to address a wrong to the company's shareholders. It is not brought independently to recover damages to compensate for a personal wrong to an individual shareholder.

■ Whether plaintiffs' claims are direct or derivative is a question of state law. *Kamen,* 500 U.S. at 108, 111 S.Ct. 1711. A court must look to the state of incorporation. *Id.* at 108–09, 111 S.Ct. 1711. Under Maryland law [3], claims are direct if the shareholder's injury is distinct from the injury suffered by the corporation. *Tafflin v. Levitt,* 92 Md.App. 375, 608 A.2d 817, 820 (1992); *Strougo v. Bassini,* 282 F.3d 162, 171 (2d Cir.2002). Plaintiffs' section 36(b) claims allege no injury distinct from the harm suffered by the funds [4] themselves. Plaintiffs were harmed only because the value of their mutual fund hold-

ings decreased as a result of the allegedly excessive fees. We find that under state law, plaintiffs' section 36(b) claims are derivative.

When this state law analysis is combined with the Supreme Court decisions discussed above, we conclude that plaintiffs' section 36(b) claims are derivative in nature. Because they are derivative, the section 36(b) claims cannot be asserted as class action claims. *Kauffman v. Dreyfus Fund, Inc.,* 434 F.2d 727, 734–37 (3d Cir. 1970). Count III asserts section 36(b) claims directly, on behalf of a class. Because, even when viewed in the light most favorable to plaintiffs, the material facts are not in dispute and judgment on the merits can be achieved by focusing on the content of the pleadings, judgment on the pleadings is appropriate. Judgment on Count III will be entered in favor of defendants.

Because the section 36(b) claim has not survived, plaintiffs' section 48(a) claim must also fail. Section 48(a) does not provide an independent basis for liability. Judgment on the pleadings in favor of defendants is also appropriate on Count IV.

The appropriate order follows.

### ORDER

Therefore, this 7th day of April, 2006, IT IS HEREBY ORDERED that the Dreyfus Defendants' Motion for Judgment on the Pleadings [doc. no. 61] is GRANTED;

Judgment shall be entered in favor of the Investment Advisor Defendants and Dreyfus Service Corporation on Count III

---

**3.** The two funds owned by plaintiffs are Maryland corporations.

**4.** The fact that plaintiffs are holders in mutual funds, rather than shareholders in a corpora-

tion does not change the analysis. *Kauffman v. Dreyfus Fund, Inc.,* 434 F.2d 727, 733 (3d Cir.1970).

and in favor of the Parent Companies on Count IV.

The Clerk of Courts is directed to mark this case closed.

*JUDGMENT ORDER*

AND NOW, this 7th day of April, 2006, IT IS HEREBY ORDERED that judgment is entered in favor of defendants, Mellon Financial Corporations, Mellon Bank, N.A., The Dreyfus Corporation, Founders Asset Management, LLC, and Dreyfus Service Corporation, and against plaintiffs, Vera A. Hays and Noah Wortman, individually and on behalf of all others similarly situated.